RAYBURN *v.* HOPKINS. ·

Opinion delivered October 22, 1917.

CONTRACTS—DISAFFIRMANCE—INCAPACITY.—Appellee sought to rescind a contract of sale according to its terms, and also sought to disaffirm because of his incapacity, due to minority. *Held*, the two theories of defense were not inconsistent.

Appeal from Clay Circuit Court, Western District; *W. J. Driver,* Judge; affirmed.

*G. B. Oliver,* for appellant.

1. The complaint merely states that defendant is due plaintiff $50. It does not state whether the amount is due from breach of warranty or from the fact that he was a minor and the contract void. He could not rely on both grounds. The two contentions are inconsistent. 1 Pl. & Pr. 183 (b), and notes 2 and 3.

Where one count is an affirmance and the other a disaffirmance of the contract they are inconsistent and can not be relied upon in the same action. 1 C. J. 1069, § 215. A plaintiff can not recover upon two inconsistent counts, although they arise out of the same transaction and connected with the same subject-matter. 23 Cyc. 396 (II); *Ib.* 404 (c); 1 P. & P. 166; 1 C. J. 1075, § 226; 13 Ark. 448, 461; 64 *Id.* 212-15; 70 *Id.* 319; 49 *Id.* 94.

2. Hence the court erred in giving instructions No. 1 and in modifying No. 2, asked by appellant. 15 Cyc. 253, II (b).

*C. T. Bloodworth,* for appellee.

1. The two grounds of recovery rest upon the proposition of the right to rescind the sale and return the property and demand the money paid. He was a minor and had the right to rescind and recover the money paid; and there was a breach of warranty. 35 Cyc. 135. There is no inconsistency in asserting the two theories.

2. The evidence sustains the judgment and there is no error in the instructions.

McCULLOCH, C. J. This is an action instituted by the appellee suing as an infant by next friend to recover the sum of $50, alleged to be due him from appellant. The case was instituted before a justice of the peace and was tried in the circuit court on appeal, resulting in a judgment in favor of appellee for the amount claimed. No written pleadings were filed, appellee merely filing an account setting forth that appellant was indebted to him in the sum of $50.

It appears from the evidence adduced that in January, 1916, appellee purchased a team of horses from appellant and paid the sum of $50 on the purchase price, the remainder to be paid in monthly installments. Appellee testified that he was under the age of majority at that time, and is now. There was a conflict in the testimony as to the age of appellee, but that issue was properly submitted to the jury and must be treated as settled by the verdict. The agreement between the parties concerning the purchase was that if the team did not prove satisfactory to appellee in the logging operations which he was prosecuting at the time, appellant would rescind the sale and take the team back. The contention of appellee is that the horses were not satisfactory and that he offered to return them to appellant. Appellee sued on two theories; one that he is entitled to recover the sum demanded because he offered to return the horses, and the other theory that he was an infant and is entitled to disaffirm the contract and recover the amount paid. Both of those theories were submitted to the jury in the instructions of the

court and the jury has found in favor of appellee on each of them.

The sole contention of counsel for appellant now is that appellee in asserting the two theories for the recovery of the money is occupying an inconsistent position, and that by suing on the contract for the return of the money he has elected to treat the contract as being in force, and has thereby waived the right to disaffirm it. Counsel is in error in treating this as a suit for damages on breach of warranty. If such were the state of the case, there might be something in the argument, but the suit is not one for breach of warranty. Appellee sues to recover the amount of money paid as a part of the price of the purchased article, and he puts forward two reasons why he is entitled to recover, and the two are not inconsistent, for they both relate to the same thing. The fact that one theory is based upon the rescission of the contract according to its terms, and the other upon a disaffirmance because of the incapacity of one of the parties, does not make the two theories inconsistent.

The authorities cited by appellant's counsel in support of his contention are, therefore, not applicable to the present case.

Judgment affirmed.